UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRENTICE E. PONDS, II, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 03-CV-0216-CVE-SAJ |
| ) | |
| CHARLES RAY, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his conviction and sentence entered in Tulsa County District Court, Case No. CF-1999-3568. Respondent filed a response (Dkt. # 7) to the petition, and provided copies of state court documents (Dkt. # 8) for the Court's use in evaluating Petitioner's claims. Petitioner filed a reply[1] in the form of a brief in support of his petition (Dkt. # 10), and provided an additional document for the Court's review (Dkt. # 15). For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

During the early evening hours of March 23, 1999, four men wielding guns forced their way into an occupied mobile home in rural north Tulsa County. They terrorized, beat and robbed the three adults, Kalom Tracy, Heather York, and Heather Suldobsky, who were home at the time. Ms. Suldobsky's baby was also in the home during the robbery. The four men forced the victims to turn over all their cash, and threatened to kill them. After taking cash, two phones, and a stereo amplifier,

---

[1] Petitioner's reply does not address the issues raised by Respondent in the response. Instead, the reply provides additional argument and legal authority in support of Petitioner's first and second grounds for relief.

the intruders ran out of the home laughing. Petitioner was later identified in a photo lineup as one of the gunmen.

Petitioner was arrested, charged, and convicted by a jury of Robbery with a Firearm, after former conviction of a felony (Count I), and First Degree Burglary, after former conviction of a felony (Count II). He was sentenced to twenty-five (25) years imprisonment on Count I, and twenty (20) years imprisonment on Count II, with the sentences to be served consecutively. Petitioner was represented at trial by attorney Brian Duke.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by Katrina Conrad-Legler, Petitioner raised three (3) propositions of error on direct appeal:

> Proposition I: Mr. Ponds' convictions of armed robbery and first degree burglary are based upon unreliable identifications and should be reversed.
>
> Proposition II: The simultaneous convictions for first degree burglary and armed robbery violated the statutory prohibition on double punishment.
>
> Proposition III: Mr. Ponds' sentences are excessive, and the trial court should not have ordered the sentences to run consecutively to each other.

(Dkt. # 7, Ex. A). In an unpublished summary opinion, filed February 27, 2001, in Case No. F-2000-375, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 7, Ex. C). Petitioner sought a *writ of certiorari* from the United States Supreme Court, which was denied on October 1, 2001 (Dkt. # 7, Ex. D).

On August 8, 2002, Petitioner, represented by attorney Frank Lockhart, filed an application for post-conviction relief in the state district court (Dkt. # 7, Ex. E). By order filed November 5, 2002, the state district court denied Petitioner's request for post-conviction relief (Dkt. # 7, Ex. F).

Petitioner appealed to the OCCA. On post-conviction appeal, he identified the following propositions of error:

> Proposition I:   Newly discovered evidence exists that indicates that the "eyewitness" against Appellant was given a benefit in exchange for his testimony, i.e., his prosecution for possession of controlled drugs was dropped immediately after his testimony against Appellant at trial.
>
> Proposition II:  Appellant received ineffective assistance of counsel at trial. His attorney was under investigation by the Oklahoma Bar Association during the time of Appellant's trial and he resigned from the Oklahoma Bar Association shortly after his trial. Said attorney did not investigate Appellant's case and failed to properly file motions and object to improper evidence.

(Dkt. # 7, Ex. G). By Order filed February 7, 2003, the OCCA affirmed the district court's denial of post-conviction relief (Dkt. # 7, Ex. H).

Petitioner, appearing *pro se*, filed his federal habeas corpus petition on March 31, 2003 (Dkt. # 1), asserting four (4) grounds for relief:

> Ground 1:   State's "eyewitness" was given benefit for testifying (his drug case stopped being prosecuted). This was never revealed to my attorney.
>
> Ground 2:   Ineffective assistance of counsel at trial.
>
> Ground 3:   My convictions of armed robbery and first degree burglary are based upon unreliable identifications and should be reversed.
>
> Ground 4:   The simultaneous convictions for first degree and armed robbery violated the statutory prohibition of double punishment.

In response to the petition, Respondent argues that the OCCA properly denied Petitioner's ground 3 claim, the ground 4 claim is not cognizable in a habeas corpus proceeding, and the ground 1 and 2 claims are procedurally barred (Dkt. # 7). As stated above, Petitioner's only reply was filed in the form of a brief in support of his petition (Dkt. # 10).

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, and the Court agrees, that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated grounds 3 and 4 on direct appeal and ground 1 on post-conviction appeal. Therefore, to the extent those claims are cognizable in a federal habeas corpus proceeding, they shall be reviewed pursuant to § 2254(d).

### 1. Convictions based on unreliable identifications (ground 3)

In his third ground for relief, Petitioner asserts that his convictions for armed robbery and first degree burglary were based upon unreliable identifications (Dkt. # 1 at 7). Specifically, Petitioner argues that, "The inconsistent descriptions by Tracy and York were to [sic] unreliable to make a proper identification. It appears as time went by the descriptions became more damning of Appellant, when Appellant is actually innocent." Id. This issue was rejected by the OCCA on direct appeal, holding:

> [W]e find Appellant did not object to the lack of reliability of these identifications in a pretrial motion or at trial, nor did he request a reliability hearing outside the presence of jurors. Therefore, any error relating to these identifications has been waived, unless it can be considered plain or fundamental error. *Simpson v. State*, 876 P.2d 690, 693 (Okl.Cr.1994); 12 O.S., § 2104; *Snow v. State*, 876 P.2d 291, 295 (Okl.Cr.1994); *Berry v. State*, 834 P.2d 1002, 1005 (Okl.Cr.1992); *Carter v. State*, 763 P.2d 394, 395 (Okl.Cr.1988). We find no plain error occurred.

(Dkt. # 7, Ex. C at 2). Respondent asserts that because the OCCA's rejection of this claim on direct appeal is not contrary to Supreme Court precedent, § 2254(d) prevents the granting of federal habeas relief on this issue. The Court agrees.

The Supreme Court has held that even where pretrial identification procedures are unduly suggestive, the in-court identification is still proper if the identification is shown to be independently reliable. Manson v. Brathwaite, 432 U.S. 98, 114 (1977); Simmons v. United States, 390 U.S. 377, 384 (1968). In Manson, the Court listed the criteria to be examined in evaluating this issue: "reliability is the linchpin in determining the admissibility of identification testimony . . . The factors

5

to be considered . . . include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the length of time between the crime and the confrontation." Manson, 432 U.S. at 114; see also Neil v. Biggers, 409 U.S. 188, 199-200 (1972). In rejecting this claim on direct appeal, the OCCA cited three Oklahoma cases[2] which apply the factors listed in Manson.

The transcript of the trial held on December 7-8, 1999, or less than nine (9) months after the crime, reveals that even if pre-trial identification procedures were found to be unduly suggestive, the identifications made by Kalom Tracy and Heather York were independently reliable. Mr. Tracy had an excellent opportunity to view Petitioner during the course of the robbery. (Dkt. # 8, Tr. Trans. Vol. I at 144). He testified that he looked Petitioner in the face as he answered the door in response to hearing a knock at the door and with the outer glass door open (Id. at 143-45). Mr. Tracy's level of certainty at trial when he identified Petitioner was high. The victim stated in Court that Petitioner was the first of the four men who entered the house (Id.). There is no evidence that the witness was the least bit uncertain in his identification at trial or when shown the photo arrays prior to trial (Id. at 148, 180-82). Likewise, Heather York went to the door with Mr. Tracy and saw Petitioner come through the door with a gun (Dkt. # 8, Tr. Trans. Vol. II at 249). Although it was dark outside, Ms. York testified that she could see Petitioner because the porch light was on and it was "well lit." Id. at 251. Despite Ms. York's failure to identify any of the robbers when she looked at the photo line-up, she testified at trial that she had gotten a good look at Petitioner on the front porch and was

---

[2]   Snow v. State, 876 P.2d 291 (Okla. Crim. App. 1994); Berry v. State, 834 P.2d 1002, 1005 (Okla. Crim. App. 1992); Carter v. State, 763 P.2d 394, 395 (Okla. Crim. App. 1988).

certain that Petitioner was the man on the porch who was the first one in the house (Id. at 262). Finally, the length of time between the crime and the confrontation by the victims at trial was not out of the ordinary. The crime occurred on March 23, 1999, and the victims testified at trial in early December of that same year. This is not an extraordinary length of time. The Supreme Court upheld an identification following a seven-month interlude in Neil, 409 U.S. at 200. Weighing all the factors and considering the totality of the circumstances, there is no substantial likelihood of misidentification by victims Kalom Tracy or Heather York. The OCCA's rejection of Petitioner's claim was not an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States. Accordingly, the Court finds that, pursuant to § 2254(d), Petitioner is not entitled to habeas corpus relief on this claim.

### 2. Double punishment claim not cognizable (ground 4)

Petitioner asserts in his fourth ground for relief that the "convictions for first degree [burglary] and armed robbery" violate the statutory prohibition against double punishment found in Okla. Stat. tit. 21, § 11A (Dkt. # 1 at 8). The OCCA denied relief on this claim in Petitioner's direct appeal proceedings (Dkt. # 7, Ex. C). Petitioner makes no claim of a federal constitutional violation in this ground. Because Petitioner asserts only that he has suffered double punishment in violation of Oklahoma law, the claim shall be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2241.

Petitioner's double punishment claim, based on Oklahoma law, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

**3. "Newly discovered evidence" that eyewitness received benefit for testimony (ground 1)**

Petitioner alleges in his first ground for relief that one of the state's eyewitness, Kalom Tracy, received a benefit in exchange for testifying at Petitioner's trial. Specifically, he asserts that no further action was taken in Mr. Tracy's drug case after he testified for the prosecution in Petitioner's case (Dkt. # 1 at 5). Petitioner also claims that this information was never revealed to his trial attorney. This claim was raised for the first time in Petitioner's post-conviction proceeding. The only explanation given by Petitioner for his failure to raise the ground 1 issue on direct appeal is that neither his trial or appellate counsel knew "about the benefit Kalom Tracy received." See Dkt. # 1 at 5, 10. Petitioner hypothesizes at great length about a possible "deal" prosecutors made with Mr. Tracy for his testimony, and accuses Respondent of withholding evidence of the hypothetical deal (Dkt. # 10 at 1-4). The OCCA dismissed these assertions by noting that there was no evidence of a deal because Mr. Tracy's pending drug charges had not been dismissed or abandoned as asserted by Petitioner. Instead, the charges were unresolved because Mr. Tracy had failed to appear resulting in the issuance of a bench warrant out for his arrest. The OCCA specifically found as follows:

> According to the docket in that [Tulsa County No. CM-1999-2253] case, Tracy was charged by Information filed on July 15, 1999, with Unlawful Possession of Marijuana, Transporting a Loaded Firearm, Unsafe Vehicle, Improper License Plate, Driving without a Driver's License, and Driving without Security Verification. (O.R. 37.) A November 9, 1999, docket entry shows that Tracy's matter was set for jury trial on December 13, 1999, or thereafter. From this, Petitioner speculates "that Mr. Tracy's prosecution was simply abandoned after his testimony against Petitioner" and that "Kalom Tracy was being offered a 'deal'" (O.R. 17.)

> In its October 24, 2002, Response to Petitioner's Application for Post-Conviction Relief, the State answered Petitioner's allegation that Tracy's prosecution was abandoned. The State's Response asserted that a bench warrant had been ordered for Tracy when he failed to appear for trial on December 13, 1999, and that the Tulsa County District Court Clerk's docket in Tracy's case had been corrected to reflect the trial court's order for bench warrant. (O.R. 45, n.1.) . . . Examination of the trial court's current docket confirms that Tracy did not appear and that a bench warrant was indeed ordered for him on December 13, 1999. Hence, Petitioner has not proven Tracy's prosecution was abandoned, and he certainly has not proven Tracy received anything from prosecutors for testifying. Consequently, there is no "newly discovered evidence" as Petitioner contends. Petitioner's claims that Tracy received anything from the State in return for testifying in Petitioner's case are founded upon nothing more than sheer speculation. Speculation is insufficient to establish entitlement to post-conviction relief.

(Dkt. # 7, Ex. H at 4-5).

In this habeas corpus proceeding, Petitioner fails to convince the Court that the OCCA's adjudication of this claim was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d). In addition, as discussed above, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Inexplicably, Petitioner appears to misunderstand the OCCA's reasoning and has confirmed the information relied upon by the OCCA in his motion to expand the record. See Dkt. # 15. After careful review of the record, the Court finds that Petitioner has failed to rebut the finding of fact by the OCCA with clear and convincing evidence. He has failed to provide additional evidence or to otherwise contravene the OCCA's determination that his request for relief was based on sheer speculation. Therefore, Petitioner's request for habeas corpus relief on this ground shall be denied.

**C.     Procedural Bar (ground 2)**

As his second ground for relief, Petitioner asserts that he was denied the effective assistance of trial counsel because (1) his attorney was under investigation by the Oklahoma Bar Association ("OBA") during trial, and resigned from the OBA after Petitioner's trial; (2) his attorney failed to order copies of the preliminary hearing transcripts to impeach witnesses; (3) his attorney did not object to the in-court identifications by witnesses; and (4) his attorney waived appeal issues. The record confirms that the issues raised in Petitioner's second ground were not presented to the OCCA on direct appeal. The claim of ineffective assistance of trial counsel was raised for the first time in Petitioner's post-conviction proceedings. In denying relief on procedural grounds, the state district court found that Petitioner could have raised the issues on appeal, but did not. See Dkt. # 7 Ex. F. The OCCA affirmed the denial of post-conviction relief on procedural grounds, as follows:

> In Petitioner's matter, we **FIND** that Petitioner has not presented a "sufficient reason" for not raising his ineffective assistance of trial counsel claim in his direct appeal. A claim of ineffective assistance of trial counsel, available at the time of a defendant's direct appeal, must be presented in the direct appeal or it is waived. In Petitioner's matter, it is evident that all of Petitioner's ineffective assistance arguments were available to him at the time of his direct appeal.

(Dkt. # 7, Ex. H).

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of

procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)). The Tenth Circuit has recognized that, "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. Sherill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's second ground for relief is procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to raise ground two on direct appeal, is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. As to the adequacy of the procedural bar imposed on Petitioner's claims of ineffective assistance of trial counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998). In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel

> differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

After reviewing the record in the instant case in light of the factors identified in English, the Court concludes that the procedural bar imposed by the state courts on Petitioner's ineffective assistance of trial counsel claim is based on grounds adequate to preclude federal habeas review. Petitioner was represented at trial by attorney Brian Duke. On appeal, Petitioner was represented by attorney Katrina Conrad-Legler. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel at trial and on appeal. The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. In applying a procedural bar to Petitioner's claims of ineffective assistance of trial counsel, the OCCA specifically determined that, with the possible exception of his claim of failure to investigate, each of the claims could have been but was not raised on direct appeal. See Dkt. # 7, Ex. H at 2-4. Furthermore, as discussed above, the OCCA held that the failure to investigate claim was based on pure speculation and, for that reason, Petitioner was not entitled to post-conviction relief. In this habeas matter, the Court finds that even if Petitioner's claims could not all be resolved on the trial record alone, Petitioner has not alleged that the Oklahoma remand procedure, as provided by Rule 3.11 of the *Rules of the Oklahoma Court of Criminal Appeals*, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to

make specific allegations as to the inadequacy of the state procedure). Although Respondent has alleged an independent and adequate procedural bar, Petitioner has simply argued the merits of his claims and has not put the adequacy of Oklahoma's remand procedure at issue. See Dkt. # 10. As a result, he cannot demonstrate that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of trial counsel are procedurally barred.

Habeas review is precluded, therefore, unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v.Thompson, 501 U.S. 722, 750 (1991). In his petition, Petitioner attributes his failure to raise his ineffective assistance of counsel claim on direct appeal to the ineffectiveness of his appellate counsel (Dkt. # 1 at 6, 10). It is well established that in certain circumstances, appellate counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986). However, the ineffective assistance of appellate counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Petitioner failed to raise an ineffective assistance of appellate counsel claim in his post-conviction proceedings. Thus, Petitioner has procedurally defaulted his ineffective assistance of appellate counsel claim and it cannot serve as cause for the procedural default of his ineffective assistance of trial counsel claims asserted in ground two.

The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513

13

U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316.  Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner does assert that he is actually innocent of the crimes for which he was convicted. (Dkt. #1 at 7). In addition, he asserts that he has "newly discovered evidence" in the form of the docket sheet from Mr. Tracy's prosecution on drug charges.  However, as noted by the OCCA, Petitioner failed to prove that Mr. Tracy's prosecution was abandoned, and he certainly failed to demonstrate that Mr. Tracy received anything from prosecutors in exchange for his testimony against Petitioner.  As a result, the OCCA concluded there was no "newly discovered evidence." This Court agrees and finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claim is not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's claims of ineffective assistance of trial counsel. Coleman v. Thompson, 510 U.S. 722, 724 (1991). Habeas corpus relief shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**DATED** this 28th day of January, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT